Filed 6/25/14  P. v. Stovall CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JUSTIN BLAIR STOVALL,<br><br>        Defendant and Appellant. | E056549<br><br>(Super.Ct.Nos. INF10002657 & INF10001718)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Ronald L. Johnson, Judge.  (Retired judge of the San Diego Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed with directions.

Renée Paradis and Loleena H. Ansuri, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Jennifer B. Truong and Kathryn Kirschbaum, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant Justin Blair Stovall appeals a conviction for theft. He contends that the court failed to respond properly to questions from jurors. Defendant also contends that because the trial court did not state orally that it was imposing a restitution fine and a parole revocation fine, those fines, which were included on the abstract of judgment and in the sentencing minutes, must be stricken. We will affirm the conviction but order the fines stricken.

PROCEDURAL HISTORY

On December 15, 2011, in case No. INF10002657, a jury found defendant guilty of one count of theft in violation of Penal Code[1] section 484, subdivision (a), with four prior convictions within the meaning of section 666, subdivision (a). The jury found him not guilty of burglary and not guilty of possession of stolen property. The court found it true that defendant had three strike priors and two prison priors. (§§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1), 667.5, subd. (b).)

On June 1, 2012, the court revoked probation in case No. INF10001718.[2] The court then sentenced defendant to a total term of seven years four months. The term of six years in case No. INF10001718 (possession of a controlled substance in violation of Health and Saf. Code, § 11350, subd. (a)) was deemed the principal term. The court imposed the upper term of three years, doubled, based on the single strike prior found

---

[1] All statutory citations refer to the Penal Code unless another code is specified.

[2] The minute order dated June 1, 2012, states that in case No. INF10001718, defendant was advised of his constitutional rights, that he waived his constitutional rights and waived his right to trial by jury, and that he was found in violation of probation by the court. The record does not contain a reporter's transcript of those proceedings.

2

true in that case. In case No. INF10002657, the court struck both of the prison priors and all but one of the strike priors[3] and imposed a consecutive term of one-third the middle term of two years, doubled, for a total consecutive term of one year four months. Defendant filed timely notices of appeal.

FACTS

Defendant raises no issues pertaining to the probation violation, aside from the issue of fines not imposed at sentencing. Accordingly, we will limit our recitation of the facts to those underlying the theft conviction.

On November 28 and 29, 2010, the Palm Springs Art Festival was taking place at a park in Palm Springs. Xingjie Chen was among the artists selling their work at the festival. The booths consisted of vinyl tents, the sides of which could be zipped shut. At 5:00 a.m. on November 29, Officers Benstead and Andre were dispatched to the park in response to a report of a suspicious person on a bicycle at the festival site. Benstead saw a mountain bike leaning against a display stand. He and Andre conducted a grid search of the festival site. A private security guard assisted in the search. Benstead heard one of the tents "crinkling." He stepped to one side and watched that row of tents. He saw the side of the last tent in the row moving slightly and then saw defendant walk around the corner from behind that tent into the aisle where Benstead was standing.

---

[3] The court granted defendant's motion to strike some of his strike priors, pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

3

Defendant walked toward the bicycle, carrying a black case. When Benstead shone his flashlight on him, defendant stopped and looked surprised. The case he was carrying contained a Black and Decker cordless drill set. He was also carrying an unopened bottle of iced tea and a ceramic container of red wax, as well as a pack of cigarettes, sunglasses and a flashlight. All of the items defendant was carrying were dry, but the grass outside the tents was wet with dew. When Benstead ordered defendant to sit down, defendant sat without letting his knees touch the ground. Benstead noticed that his pants were wet from the knees down and that they had fresh grass and dirt stains. Benstead observed that the sides of the tents were pulled taut, so that a person entering a tent would have had to crawl under the edge to enter. Benstead did not see any sign of disturbance to any of the tents.

Benstead took defendant into custody. He left the drill, the iced tea and the wax container with the security guard to show vendors as they arrived, so he could determine who owned them.

When Xingjie Chen arrived later that morning and opened his tent, he noticed signs that someone had been inside his tent. A bag of paintings had been moved, and a drill, a beverage and a container of red ink were missing. When he reported this to the head of the festival, she showed him the items recovered by the police. He recognized them as his belongings.

1.

THE COURT DID NOT ABUSE ITS DISCRETION IN ITS

RESPONSE TO JURY QUESTIONS

During its deliberations, the jury asked two questions concerning the law of theft. Defendant contends that the court failed to give adequate responses, to his prejudice.

The issue arose as follows: In her closing argument, the prosecutor argued that the evidence showed that defendant entered Chen's tent to take the property. She told the jury that defendant was guilty of both theft and possession of stolen property—the latter because he had stolen the property himself—but that the jury could convict him of only one of those two offenses. She urged them to find him guilty of theft. Defense counsel argued, among other things, that the evidence did not show beyond a reasonable doubt that defendant entered Chen's tent because (1) the tent that Benstead saw moving slightly was not Chen's tent and (2) defendant was over six feet tall and weighed over 200 pounds but only his lower pant legs were wet or dirty, suggesting that he did not crawl in order to enter the tent. He also referred to the fact that neither officer noticed that there was a dumpster on the site. However, he did not suggest that defendant might have found Chen's property in the dumpster.[4] In rebuttal, the prosecutor argued that the jury could find defendant guilty of possession of stolen property rather than theft only if it

---

[4] Defense counsel questioned both officers as to whether they had observed the dumpster in the festival parking lot. Neither recalled it. Chen testified to its position. In his closing argument, defense counsel referred to the dumpster only as evidence that the officers did not conduct an adequate investigation because they failed to notice it.

5

concluded that he had "picked up the stuff on the ground and it was stolen, obviously because he's in a place, it was stolen, there is no evidence of that, then you would find him just guilty of Count 3, because it would be possessing stolen property." Neither attorney suggested that the evidence in any way supported the conclusion that defendant found the items in the dumpster.

During deliberations, the jury sent the following question to the court: "Is it theft to remove things from a dumpster?" After conferring with the attorneys and over defense objection, the court responded, "Please see instruction 1800."[5] Defense counsel had asked the court to reply that removing the items from a dumpster would not be theft. The court refused, in part because there was no evidence that Chen's property was ever in the dumpster, a point defendant conceded.

About half an hour later, the jury asked what they should do if they were hung. With the concurrence of counsel, the court instructed the jury to continue deliberating. After another hour, the jury sent the following: "Please translate the word larceny as it pertains to 'theft by larceny' in Penal Code 484. [¶] Does the Penal Code 484 mean the defendant had to have taken it directly? As to take for himself ? Can it mean he took possession from someone else? Can it mean he took it from the ground or a dumpster?" The court replied, "Please refer to Inst. #1800 and the 4 elements contained therein and Inst. #222 regarding the evidence you are to consider," again over defense objection.

---

[5] CALCRIM No. 1800 defines theft by larceny.

Defense counsel had asked the court to state that it would not be theft if defendant took the items either from a dumpster or from the ground.

The next day, the jury returned a guilty verdict on the theft charge and not guilty verdicts on burglary and possession of stolen property.

Defendant now contends that the court failed to provide adequate responses to the jury's questions. He asserts that the court should have realized that the jurors "were considering a factual scenario in which [defendant] did not enter the tent, but instead found the items in question somewhere outside the tent on the festival grounds, and were trying to determine whether that circumstance would constitute theft, possession of stolen goods, or be grounds for acquittal." Merely referring the jury to the theft instruction, he contends, was not sufficient to answer these concerns. He contends that if the court had cleared up the jury's apparent confusion as to whether he could be found guilty of theft based on finding Chen's property abandoned, either on the ground outside the tents or in the dumpster, there was at least a reasonable probability that the jury might have acquitted him because taking possession of abandoned property negates the specific intent required for theft, i.e., to permanently deprive the owner of the property of possession of that property, and also negates the knowledge that the property was stolen, as required for a conviction of possession of stolen property.

The court had no duty to give instructions based on either the premise that defendant might have found the property on the ground or the premise that he might have found the property in the dumpster, however, because there was no evidence to support either theory. It is elementary that a ""court should instruct the jury upon every material

7

question upon which there is *any evidence deserving of any consideration whatever*.'"

[Citations.]" (*People v. Flannel* (1979) 25 Cal.3d 668, 684.)[6]  The converse is true as

well:  A trial court need only give those requested instructions supported by evidence that

is substantial.  (*Id*. at p. 684 & fn.12.)  Although doubts as to the sufficiency of the

evidence to support a requested defense instruction should be resolved in favor of the

defendant (*id*. at p. 685), here there simply is no such evidence, as defendant conceded

below.  Accordingly, the court had no duty to instruct the jury on the hypothetical

scenarios defendant proposes.

## 2.

## THE RESTITUTION AND PAROLE REVOCATION FINES STATED
## IN THE SENTENCING MINUTES AND THE ABSTRACT OF JUDGMENT
## MUST BE STRICKEN

At sentencing, the court made only the following statement concerning fines:

"And, Madam Clerk, the conviction fines and fees, I believe, are not—those will be

imposed as well.  It's a single conviction; so just a single fine."  The parties concur that

this statement does not refer to a restitution fine or a parole revocation fine.

Nevertheless, the sentencing minutes and the abstract of judgment state that a restitution

fine of $240 and parole revocation fine of $240 were imposed and stayed.  The parties

concur that because the trial court did not orally impose a restitution fine or a parole

revocation fine, both fines must be stricken.

---

[6]  *People v. Flannel*, *supra*, 25 Cal.3d 668, has been superseded by statute on an unrelated point as stated in *In re Christian S.* (1994) 7 Cal.4th 768, 777.

We agree.  The oral pronouncement of judgment is the rendition of judgment.

(*People v. Mesa* (1975) 14 Cal.3d 466, 471.)  "Entering the judgment in the minutes

being a clerical function [citation], a discrepancy between the judgment as orally

pronounced and as entered in the minutes is presumably the result of clerical error.  Nor

is the abstract of judgment controlling.  'The abstract of judgment is not the judgment of

conviction.  By its very nature, definition and terms [citation] it cannot add to or modify

the judgment which it purports to digest or summarize.'  [Citation.]"  (*Ibid.*; see also

*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)  A court clerk cannot supplement the

judgment the court actually pronounced by adding a provision to the minute order or the

abstract of judgment.  (*People v. Zackery* (2007) 147 Cal.App.4th 380, 387-388.)

Therefore, when, as here, a fine not imposed during the oral pronouncement of judgment

is added to a minute order and an abstract of judgment, it is contrary to the judgment and

must be stricken.  (See *id*. at p. 389.)

DISPOSITION

The references to $240 fines imposed pursuant to section 1202.4, subdivision (b),

and section 1202.45, in the court's minute order in case No. INF10001718, dated June 1,

2012, and in the court's minute order in case No. INF10002657, also dated June 1, 2012,

and in the abstracts of judgment filed in each of those cases, are stricken and the judgment

is so modified.  The trial court is directed to prepare a minute order in each case reflecting

this modification and an amended abstract of judgment in each case that omits any

reference to such fines.  The trial court is further directed to forward a copy of the minute

9

orders reflecting the court's modification of the judgment and the amended abstracts of judgment to the Department of Corrections and Rehabilitation.

In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

RAMIREZ
P. J.

KING
J.

10